UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD ARIFF SAIDIN,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK, et al.,

                                    Defendants.

20-CV-2851 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights.

By order dated May 8, 2020, the Court granted Plaintiff's request to proceed without prepayment

of fees, that is, *in forma pauperis* (IFP). The Court dismisses this action for the reasons set forth

below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v.*

*Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court

lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action invoking the Court's federal question jurisdiction. He sues the City of New York; Jeffrey Samuel & Partners, identified as the "Law Office for the City of New York;" Adult Protective Services (APS); and eight named employees of APS – Ramalu Magdalene, Jonathan Smart, David Colon, Stephen Rose, Andrea M. Leslie, Cesar Parra, Amenara Patterson, and Mr. Lani.[1] (ECF No. 2, at 4.) Plaintiff writes that Defendants have violated the following federal constitutional or statutory rights, "protected opinion, due process, equal protection, contract, fraud, negligence, and discrimination due to mental and medical disability." (*Id*. at 2.)

---

[1] Plaintiff also states that there are John Doe defendants with "unrecalled names due to just oral talks during their home visits with empty promises of the APS Bronx Office. . . ." (ECF No. 2, at 4.)

The following facts are taken from the complaint. In the Summer of 2017, APS took over from the Social Security Administration (SSA) and became Plaintiff's representative payee, receiving Plaintiff's Supplemental Security Income (SSI) benefits payments. But APS "has been protective of [Plaintiff's] landlord by paying rent increases on Plaintiff's apartment "despite knowing of [his] deprived living conditions," which have been documented by New York City Department of Housing Preservation and Development (HPD). (*Id*. at 5.) There have been no major capital improvements in the apartment to justify the rent increases, "such as no doorman, no air-conditioning, and the like." (*Id*.) As well as not protecting Plaintiff's tenant rights, APS also failed to mail his SSI checks for seven months in 2019, and his tax returns and W-2 forms in 2018, 2019, and 2020 – a service that the SSA used to provide to Plaintiff. APS also promised but failed to provide (1) movers to dispose of Plaintiff's old queen-sized mattress and box spring, (2) an aide to clean kitchen cabinets that has roaches and dust mites, and (3) an oxygen tank for breathing, which is required because of Plaintiff's exposure to second-hand smoke caused by loiterers. Plaintiff also need assistance because of his low-back pain and his kidney surgery. APS "has exacerbated [Plaintiff's] mental health conditions like depression, paranoia, schizophrenia, panic attacks, and [his] medical problems as treated by the Metropolitan Hospital Center." (*Id*. at 6.)

Plaintiff brings this action seeking "corrective measures" and monetary damages. (*Id*.)

## DISCUSSION

### A.   The SSA's Representative Payee Program

Plaintiff brings this action asserting that Defendants violated his federal constitutional and statutory rights in the management of his SSI benefits. Because Plaintiff's assertions concern the SSA's representative payee program, the Court first examines whether Plaintiff's claims fall under the Social Security Act.

Under the Social Security Act, the Commissioner of Social Security may appoint a representative payee to receive benefits for the use of a beneficiary who is unable to manage his or her own affairs. 42 U.S.C. §§ 405(j)(1)(A) and 1383(a)(2)(A)(ii)(I). The SSA regulates and monitors the use of benefits and provides administrative remedies for a representative payee's misuse of funds.[2] *See* 42 U.S. C. §§ 405(j)(1)(A) and 1383(a)(2)(A)(iv). A representative payee has a responsibility to use benefits in the best interests of the beneficiary,[3] *see id.*; 20 C.F.R. §§ 416.635(a), 416.640(a), and is required to report to the SSA at least once a year "with respect to the use of such payments," 42 U.S.C. §§ 405(j)(3)(A) and 1383(a)(2)(C)(i).

The Social Security Act, however, does not provide a private right of action for a beneficiary to file a lawsuit against a representative payee who has mismanaged his or her benefits payments or otherwise violated the terms of the representative payee provisions. *See Bates v. Northwestern Human Servs., Inc.*, 466 F. Supp. 2d 69, 98–102 (D.D.C. 2006) (setting forth detailed analysis of statutory language of §§ 405(j) and 1383(a) and concluding that the provisions did not create a privately enforceable remedy for misuse of benefits by representative payees); *see also Goold v. Smith*, No. 16-CV-0413, 2016 WL 3556924, at *2 (N.D.N.Y. April 19, 2016) (finding that the Social Security Act does not give a plaintiff a private right of action against a representative payee). Rather, the statute and regulations envision that an aggrieved beneficiary will first seek remedy through the SSA. Once an individual has obtained a "final

---

[2] The Commissioner may order a report any time he "has reason to believe" that a payee is misusing a beneficiary's funds, 42 U.S.C. §§ 405(j)(3)(D), 1383(a)(2)(C)(iv), and among other measures, can call for revocation of the payee's appointment, §§ 405(j)(1)(A), 1383(a)(2)(A)(iii).

[3] The regulations specifically provide that payments made for "current maintenance" are deemed to be "for the use and benefit of the beneficiary," defining "current maintenance" to include "cost[s] incurred in obtaining food, shelter, clothing, medical care, and personal comfort items." 20 C.F.R. §§ 404.2040(a), 416.640(a).

decision of the Commissioner," he may seek review in a district court under 42 U.S.C. § 405(g).[4]

*See Escalera v. Comm'r of Social Security*, 457 Fed. App'x 4, 5 (2d Cir. 2011).

Here, Plaintiff's assertions suggest that APS is not fulfilling its duties or is mismanaging

his SSI benefits as representative payee. But he does not allege any facts indicating that he has

presented his claims concerning his benefits to the SSA, that he received an initial or final

agency determination that could be presented for judicial review under 42 U.S.C. § 405(g), or

that circumstances excusing his exhaustion of remedies exist. Rather than pursuing this course of

action, Plaintiff filed this lawsuit. Before he can proceed with his claims concerning his

representative payee, Plaintiff must first seek review of the matter with the SSA. *See Kriegbaum*

*v. Katz*, 909 F.2d 70, 74 (2d Cir. 1990) ("the Social Security Administration alone has the power

to enforce the duties of a representative payee through the appointment of a new payee when the

current payee 'has not used the benefit payments on the beneficiary's behalf in accordance with

the guidelines.'") (quoting 20 C.F.R. § 404.2050); *see also Monet v. Mathews*, 535 F. Supp. 2d

132 (D.D.C. 2008) (federal court lacked subject matter jurisdiction over misuse of benefits

claim, because the statutes provide for administrative review of alleged misconduct by

representative payees, and claimants must exhaust administrative remedies before seeking relief

in federal court); *Frohwerk v. Brinkley*, No. 09-CV-0161, 2009 WL 2106212, at *2 (N.D. Ind.

July 14, 2009) (same).

---

[4] There are two parts to the "final decision." *Escalera v. Comm'r of Social Security*, 457
Fed. App'x 4, 5 (2d Cir. 2011). The first part is a jurisdictional requirement that cannot be
waived, requiring that the plaintiff must have presented his claim to the agency. *Id*. The second
requirement can be waived and requires a plaintiff to exhaust all administrative remedies. *Id*.

**B.      Section 1983**

As Plaintiff asserts that Defendants violated his due process and equal protection rights, the Court will also consider whether he asserted any viable claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.      Defendants' Liability under § 1983**

*a.    Claims against Adult Protective Services and the City of New York*

Plaintiff brings claims against APS, a program administered by the New York City Human Resources Administration (HRA). But he cannot sue APS nor HRA because they are not entities that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff does name the City of New York as a defendant, but he fails to allege facts suggesting a claim for relief. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692

(1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983

claim against a municipality, the plaintiff must allege facts showing (1) the existence of a

municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the

violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80

(2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal

citations omitted).

Plaintiff does not allege facts indicating that the City of New York, through APS, has

engaged in an unconstitutional policy, custom, or practice that deprived him of his rights.

Instead, Plaintiff complains of APS's payment of rent increases to his landlord despite the poor

condition of his apartment, and the failure to provide services to which he believes he is entitled.

Whatever disagreement Plaintiff may have with APS over the payment of his rent, the conditions

in his apartment, or failure to provide certain services, this disagreement does not appear to

concern a City policy, custom, or practice. Plaintiff's claims against the City of New York are

therefore dismissed for failure to state a claim on which relief may be granted.

### b.   *Claims against APS's Case Workers*

To state a claim under § 1983, a plaintiff must allege facts showing the defendant's direct

and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State*

*Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873

(2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant

employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S.

662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct

of their subordinates under a theory of respondeat superior.").

Here, Plaintiff names as defendants eight employees of APS – Ramalu Magdalene,

Jonathan Smart, David Colon, Stephen Rose, Andrea M. Leslie, Cesar Parra, Amenara Patterson,

and Mr. Lani – but he fails to allege any facts suggesting that they were involved personally in violating any of Plaintiff's rights. Plaintiff's claims against these defendants must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### c.   *Claims against Jeffrey Samuel & Partners*

A claim for relief under § 1983 must also allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). But a private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

Plaintiff brings claims against Jeffrey Samuel & Partners, identifying it as a law office representing the City. But absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), an attorney's representation of a party, even a state actor, does not constitute state involvement sufficient for liability under § 1983. Plaintiff does not allege any facts suggesting that Jeffrey Samuel & Partners took any action in violation of his rights that can be attributed to the City of New York for purposes of liability under § 1983. Plaintiff therefore fails to state a claim against Jeffrey Samuel & Partners under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   **Due Process and Equal Protection Claims**

Plaintiff asserts that Defendants violated his due process and equal protection rights. Although Plaintiff fails to allege facts suggesting that any defendant should be held liable under § 1983, in an abundance of caution, the Court considers whether the facts alleged suggest a constitutional violation.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." Where a plaintiff sues a defendant "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, due process requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

Here, Plaintiff makes an assertion that his due process rights were violated, but nowhere does he explain how he was denied due process. Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg*, 397 U.S.at 262 & n.8). But Plaintiff does not allege any facts suggesting that he was deprived of any interest without an opportunity to be heard. Thus, to the extent Plaintiff seeks to bring a due process claim in connection with APS's management of his SSI benefits, such a claim must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

9

Similarly. Plaintiff fails to allege facts in support of an equal protection claim. The Fourteenth Amendment's Equal Protection Clause "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted). To state an equal protection claim, a plaintiff must allege that he is a member of a suspect or quasi-suspect class of persons, *see Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995); such classes include, but are not limited to, classes identified by race, gender, alienage, or national origin, *see Myers v. Cnty. of Orange*, 157 F.3d 66, 75 (2d Cir. 1998). The plaintiff must also allege facts showing that the defendants have purposefully discriminated against the plaintiff because of his membership in that class. *See Turkmen v. Hasty*, 789 F.3d 218, 252 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 676, *rev'd and vacated in part on other grounds sub nom.*, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)); *Giano*, 54 F.3d at 1057. "[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, [the action's] adverse effects upon an identifiable group." *Turkmen*, 789 F.3d at 252 (quoting *Iqbal*, 556 U.S. at 676-77) (internal quotation marks and citations omitted, alterations in original).

Plaintiff does not allege any facts suggesting that Defendants took any adverse action against him because of his membership in a protected class or that he was treated differently from similarly situated people. He does not allege any facts implicating the Equal Protection Clause. Plaintiff therefore fails to state an equal protection claim under the Fourteenth Amendment, and the claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.      Disability Discrimination Claims

Plaintiff also bring claims of "discrimination due to mental and medical disability." (ECF No. 2, at 2.) Construing the complaint liberally, Plaintiff may be asserting that Defendants denied him a reasonable accommodation or subjected him to discrimination because of his disabilities in violation of Title II of the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).[5] But Plaintiff does not allege any facts supporting a claim under Title II of the ADA or the Rehabilitation Act.

Claims under the ADA and Rehabilitation Act are analyzed similarly. *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). To state a claim under both statutes, a plaintiff must show that he has a qualified disability, that the defendants are subject to the statutes, and that he was denied access to covered services, programs, or activities because of his disability. *Id*. Here, Plaintiff does not allege any facts concerning his mental or medical disability. But even if the Court assumes that Plaintiff suffers from a qualified disability, he does not allege any facts suggesting that Defendants failed to reasonably accommodate those disabilities or denied him access to services because of those disabilities. Plaintiff's disability discrimination claims under the ADA and the Rehabilitation Act must also be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[5] Title II of the ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act requires that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

### D.        State-Law Claims

Plaintiff's remaining contract, fraud, and negligence claims fall under state law. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### E.        Denial of Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to his pursuit of relief from the Social Security Administration, and return to court when his remedies have been exhausted. All other matters are terminated.

This order is to be mailed in chambers.

SO ORDERED.

Dated:   May 19, 2020
         New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

13